**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0437n.06
Filed: July 22, 2008

No. 07-5878

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CAROLYN THOMAS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

PER CURIAM. Johnson Controls, Inc., filed this action seeking to declare its former employee, Carolyn Thomas, ineligible for workers' compensation. The district court dismissed the complaint because Thomas already initiated state-court proceedings seeking benefits from Johnson Controls. We affirm the district court's judgment but not its reasoning inasmuch as it grounded the dismissal on *Colorado River* abstention when it should have invoked its Declaratory-Judgment-Act discretion. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (holding that *Colorado River* abstention is inapplicable to actions requesting declaratory relief).

It suffices for disposition of this appeal to say that the district court acted well within its

---

[*]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

discretion in declining to decide this issue of an employee's right to state workers' compensation benefits. *See id.*; *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). Such a case has no business in federal court, particularly after the state court has reached a decision inconsistent with the requested federal relief. Johnson Controls cited not one example of a federal court entertaining the merits of a state workers' compensation claim. And when confronted at oral argument with the frivolous nature of this case—and worse yet, this appeal—appellant's counsel failed to offer any tenable justification, even when given the opportunity to defend against *sua sponte* sanctions with a post-argument brief.

We affirm the district court's judgment dismissing the complaint.